UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ANGEL PACHECO, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) 1:24-cv-00030-LEW |
| | ) |
| | ) |
| MAINE STATE PRISON, | ) |
| | ) |
| Respondent | ) |

## RECOMMENDED DECISION ON 28 U.S.C. § 2254 PETITION

Petitioner, pursuant to 28 U.S.C. § 2254, seeks relief from a state court conviction and sentence. (Petition, ECF No. 1.) Petitioner claims the state court erred and his attorney was ineffective regarding the interpreters used during certain meetings and state court proceedings. The State asks the Court to dismiss the petition. (Response, ECF No. 4.)

After a review of the section 2254 petition, the State's request for dismissal, and the record, I recommend the Court grant the State's request and dismiss the petition.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In April 2018, law enforcement executed a search warrant at a residence in Skowhegan Maine. (Warrants, Petitioner's Appendix (hereinafter "App.") at 120–159.) Officers found Petitioner in the residence with over thirty grams of cocaine base, over sixty grams of heroin, and over $4000 cash in a black pack secured to his shoulder or elsewhere on his person.[1] The State arrested Petitioner and charged him with two counts of

---

[1] The facts regarding the investigation are derived from the briefs filed in the state court, the Superior Court's order on the motion to suppress, and the letters between counsel and Petitioner regarding the State's

aggravated trafficking in scheduled drugs in violation of 17-A M.R.S. § 1105-A(1)(H), and two counts of unlawful possession of scheduled drugs in violation of 17-A M.R.S. §§ 1107-A(1)(B)(1) and (3). (*State v. Pacheco*, Me. Super. Ct., SOMD-CR-2018-00577, Docket Record at 1–2; Complaint at 1–2, App. at 107–08; Indictment at 1–2, App. at 109–10.) In April 2019, Petitioner filed a motion to suppress evidence challenging the legality of a search warrant. (Docket Record at 7, App. at 89.) In July 2019, the trial court denied the suppression motion, concluding that the warrant was valid and that the good faith exception to the exclusionary rule would have applied even if the warrant were invalid. (Order on Motion to Suppress, App. at 94–99.)

Just before trial in August 2019, Petitioner entered a conditional guilty plea to one count of aggravated trafficking and one count of unlawful possession while preserving his right to challenge on appeal the legality of the search. (Docket Record at 8, App. at 90.)[2] At the conclusion of the plea hearing, the court reporter informed the trial judge that the interpreter who was translating for Petitioner between English and Spanish had not been sworn in on the record. (Plea Hearing Transcript at 49.) The trial judge immediately reopened the hearing, questioned the translator, and the translator swore that she had correctly interpreted the words spoken during the hearing that had just occurred. (*Id.*) In October 2019, the state court sentenced Petitioner to fifteen years in prison. (Docket Record at 9–10, App. at 91–92; Judgment at 1, App. at 100.)

---

disclosures and what the expected evidence would be at trial. (*See* Letters, App. at 24–36; Order on Motion to Suppress, App. at 94–99.)

[2] The State dismissed the other charges.

In October 2019, Petitioner sought leave to appeal from his sentence; the Sentence Review Panel denied the request. (*State v. Pacheco*, Sent. Rev. Panel, SRP-19-421, Docket Record at 2.) Petitioner also filed a direct appeal challenging the denial of the motion to suppress; in June 2020, the Law Court affirmed. (*State v. Pacheco*, Me. L. Ct., SOM-19-420, Docket Record at 2–3; Memorandum Decision at 1–2.) Petitioner filed a petition for a writ of certiorari; in October 2020, the United States Supreme Court denied the petition. *Pacheco v. Maine*, 141 S. Ct. 575 (2020).

Petitioner filed a state postconviction petition in September 2020. (*Pacheco v. State*, Me. Super. Ct., SOMCD-CR-2020-00870, Docket Record at 1.) Petitioner argued that: (1) his attorney provided ineffective assistance by investigating and preparing inadequately, failing to provide a proper interpreter consistently, and pressuring Petitioner to plead guilty; (2) the search warrant was unconstitutionally broad and thus the motion to suppress should have been granted; (3) his guilty plea was not voluntary and knowing because his attorney conveyed misleading information about sentencing; and (4) the sentence penalized Petitioner for exercising his constitutional rights by reserving his right to appeal from the suppression order. (State Postconviction Petition, App. at 15-21; Amended State Postconviction Petition, App. at 14.) After an evidentiary hearing, the Superior Court denied the postconviction motion in July 2023. (Postconviction Decision at 1–6.)

In August 2023, Petitioner filed a petition for a certificate of probable cause from the Law Court to appeal from the postconviction decision. (*Pacheco v. State*, Me. L. Ct., SOM-23-305, Docket Record at 2.) Petitioner asserted that his plea and conviction should be vacated because the interpreter was not sworn in at the time of the guilty plea and

3

counsel failed to object. (Petition for Certificate of Probable Cause, App. at 41–52.) In December 2023, the Law Court denied the request for discretionary review of the postconviction decision. (Docket Record at 3; Order Denying Certificate of Probable Cause, App. at 40–41.)

Petitioner then timely filed the § 2254 petition.

## DISCUSSION

### A. Legal Standards

Pursuant to 28 U.S.C. § 2254(a), a person in custody pursuant to the judgment of a state court may apply to a federal district court for writ of habeas corpus "only on the ground that he [or she] is in custody in violation of the Constitution or laws or treaties of the United States."

Absent circumstances not relevant to Petitioner's case, a petitioner is required to exhaust available state court remedies before he seeks federal habeas review. 28 U.S.C. § 2254(b), (c).[3] "Before seeking a federal writ of habeas corpus, a state prisoner must

---

[3] Title 28 U.S.C. § 2254(b) and (c) address exhaustion and state:

> **(b) (1)** An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> **(A)** the applicant has exhausted the remedies available in the courts of the State; or
>
> **(B) (i)** there is an absence of available State corrective process; or
>
> **(ii)** circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> **(2)** An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

4

exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Baldwin v. Reese,* 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry,* 513 U.S. 364, 365 (1995) (per curiam)) (quotation marks omitted). In *Baldwin,* the Court noted that "[t]o provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Id.* (quoting *Duncan,* 513 U.S. at 365–66).

To exhaust a claim fully in state court in Maine, a petitioner must request discretionary review by the Law Court. *See* 15 M.R.S. § 2131. The Supreme Court has held that a procedural default bars federal review absent a demonstration of cause for the default and prejudice to the petitioner:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

---

**(3)** A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

**(c)** An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991).[4]

In *Martinez v. Ryan*, 566 U.S. 1 (2012), the Supreme Court recognized a "narrow exception" to its holding in *Coleman*, based on equity, not constitutional law: "Inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." 566 U.S. at 9, 16. However, when the procedural default relates to post-conviction counsel's actions at the discretionary-review stage rather than at the initial-review stage of the collateral proceedings, habeas relief is not available:

> The holding in this case does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts. It does not extend to attorney errors in any proceeding beyond the first occasion the State allows a prisoner to raise a claim of ineffective assistance at trial . . . .

*Martinez*, 566 U.S. at 16 (citations omitted).

As to federal habeas claims that were adjudicated on the merits in state court, the federal court may not grant relief unless (1) the state court decision was contrary to, or an unreasonable application of, federal law, as determined by the Supreme Court, pursuant to 28 U.S.C. § 2254(d)(1); or (2) the decision was based on an unreasonable determination of the facts, pursuant to section 2254(d)(2).[5]

---

[4] Procedural default is a judicial doctrine "related to the statutory requirement that a habeas petitioner must exhaust any available state-court remedies before bringing a federal petition." *Lovins v. Parker,* 712 F.3d 283, 294 (6th Cir. 2013) (citing 28 U.S.C. § 2254(b), (c)).

[5] Title 28 U.S.C. § 2254(d) provides:

As to a review of a state court decision under section 2254(d)(1), "[i]t is settled that a federal habeas court may overturn a state court's application of federal law only if it is so erroneous that 'there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents.'" *Nevada v. Jackson,* 569 U.S. 505, 508-09 (2013) (per curiam) (quoting *Harrington v. Richter,* 562 U.S. 86, 102 (2011)). "A state court must be granted a deference and latitude that are not in operation when the case involves review under the [*Strickland v. Washington*, 466 U.S. 668 (1984)] standard itself." *Harrington*, 562 U.S. at 101. Claims of ineffective assistance of counsel are thus subject to a "'doubly deferential'" standard of review, in deference to both the state court and defense counsel. *Woods v. Etherton,* 578 U.S. 113, 117 (2016) (per curiam) (quoting *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011)). State court determinations of fact "shall be presumed to be correct," and "[t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).[6]

---

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim−
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

[6] Because the Law Court's decisions are the final state court adjudications on the merits of each claim, the decisions under review in this case are the Law Court's orders affirming the decisions of the trial court. *See Greene v. Fisher*, 565 U.S. 34, 40 (2011) (noting that the last state-court adjudication on the merits of the petitioner's constitutional claim occurred on direct appeal to the state's supreme court); *Clements v. Clark*, 592 F.3d 45, 52 (1st Cir. 2010) ("A matter is 'adjudicated on the merits' if there is a 'decision finally

In *Strickland*, the Supreme Court set forth the relevant Sixth Amendment standard by which claims of ineffective assistance based on counsel's errors are evaluated on the merits; *Strickland* requires a petitioner to demonstrate that "counsel's representation fell below an objective standard of reasonableness," and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 688, 694. A court need not "address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697. A court presumes "that counsel has 'rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Companonio v. O'Brien*, 672 F.3d 101, 110 (1st Cir. 2012) (quoting *Strickland*, 466 U.S. at 690).

A court considers "the totality of the evidence," and "a verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support." *Strickland*, 466 U.S. at 695-96. "[T]he ultimate focus of inquiry must be on the fundamental fairness of the proceeding whose result is being challenged." *Id.* at 696.

---

resolving the parties' claims, with res judicata effect, that is based on the substance of the claim advanced, rather than on a procedural, or other, ground.'") (quoting *Teti v. Bender*, 507 F.3d 50, 56-57 (1st Cir. 2007)).

However, because the Law Court's postconviction order did not explain the Court's reasoning for denying a certificate of probable cause, the federal court may consider the trial court's decision for those claims:

> We hold that the federal court should "look through" the unexplained decision to the last related state-court decision that does provide a relevant rationale. It should then presume that the unexplained decision adopted the same reasoning.

*Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018) (noting the state may rebut the presumption).

### B.     Unsworn Interpreter Claim

Petitioner argues that his conviction must be vacated because the interpreter did not give an oath or affirmation about translation accuracy until after the plea hearing.  (Petition at 11.)  The state court noted that Maine Rule of Criminal Procedure 28 and Maine Rule of Evidence 604 require translators to swear to give accurate translations, but it is not obvious that either rule is violated by attesting to the accuracy of a translation after it occurs rather than before.  More fundamentally, the rules do not provide a basis for relief here because "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."  *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991).

Petitioner's claim regarding the adequacy or timing of the oath fails because he did not provide any Supreme Court cases finding a federal constitutional right to such an oath, and other federal courts have held to the contrary.  *See, e.g.*, *Rolon Marxuach v. United States*, 398 F.2d 548, 552 (1st Cir. 1968) (finding no reversible error even though "it does not appear that the interpreter was sworn").  As one court explained:

> Any violations of state law in connection with the interpretation of petitioner's plea would be matters for the state courts, which found no basis for vacating the plea.  Federal procedures for interpreters as set forth in 28 U.S.C. §§ 1827–1828 . . . are applicable to federal proceedings but they are neither constitutional in nature nor required to be followed in state courts.

*Costa v. Williams*, 830 F. Supp. 223, 225 (S.D.N.Y. 1993).

The Due Process Clause requires that a conviction based on a guilty plea cannot stand unless the plea was voluntarily and intelligently entered.  *Brady v. United States*, 397 U.S. 742, 748 (1970).  If a defendant does not understand the language spoken in court, the absence of reliable translation could potentially compromise the knowing and

voluntariness of the plea. *See Marino v. Ragen*, 332 U.S. 561, 562 (1947) ("we conclude that petitioner was denied the due process of law which the Fourteenth Amendment requires" when the petitioner "did not understand the English language" and was given no interpreter in court other than the arresting officer); *Mendoza v. United States*, 755 F.3d 821, 827–28 (7th Cir. 2014) ("a criminal defendant lacking a basic understanding of the English language has a due process right to an interpreter to enable him to understand what is said at trial and to communicate with counsel"). Petitioner, however, has not raised a legitimate question regarding the knowing and voluntary nature of his plea because he has not provided any details or specific credible examples of confusion or a material inaccuracy in translation. *See United States v. Haywood*, 363 F.3d 200, 213 (3d Cir. 2004) ("we do not find any due process violation involving the use of the interpreter" because the defendant "fails to provide any concrete examples of confusion").[7]

---

[7] Rather than citing statements in a transcript (or a translation of a transcript) and explaining how the interpreter's statements differed, Petitioner offered only generalities. For example, he testified that the plea hearing interpreter spoke a dialect that "was kind of like Portuguese Spanish," and that "she would say something and then she would say something else and I wouldn't understand." (Postconviction Hearing Transcript at 15.) Petitioner's more specific examples strain credulity. For instance, Petitioner testified that he did not understand what he was signing when he signed the Rule 11 Checklist:

> I didn't even look at it. I didn't read it. I just signed it and handed to them. That's why I asked her. Because they told – she told me it wasn't anything bad. Because she told me it wasn't anything bad, they looked at each other – she looked at the attorney, he looked at her back, and they didn't say to me it's a plea or anything, they just said sign it.

(*Id.* at 16–17.) Defense counsel denied Petitioner's assertions. (*Id.* at 37–38.) Counsel also testified that Petitioner originally wrote to him claiming that he was dissatisfied and felt pressured by a different interpreter to plead guilty, and counsel wrote to Petitioner explaining that the interpreter he mentioned was not involved in the guilty plea proceedings. (*Id.* at 39–41.) The state postconviction court found Petitioner's testimony at the hearing to be not credible. There is ample support in the record for that finding.

In sum, the state court decision was not contrary to or an unreasonable application of any Supreme Court case.[8]

## C. Other Claims

Petitioner also claims that his attorney provided ineffective assistance by failing to hire an interpreter who spoke the same dialect as he did and by pressuring him to accept the plea deal. (Petition at 6.) Petitioner failed to exhaust the issues by expressly declining to appeal from the Superior Court's decisions on the other issues. *See Baldwin,* 541 U.S. at 29. In his brief before the Law Court, Petitioner, through counsel, noted that he "does not wish to further challenge the first two issues raised in his Petition for Post-Conviction Relief, namely that his plea was involuntary and unknowing and that the trial court committed due process and equal protection violations." (Petition for Certificate of Probable Cause at 3 n.2, App. at 46.) Because Petitioner did not fully exhaust the claims in state court, the claims are procedurally defaulted, and he cannot assert them here.[9]

---

[8] To the extent Petitioner also intended to assert the issue as an ineffective assistance claim for not objecting to the failure to swear in the translator before the plea hearing, as he asserted in the discretionary review petition, the claim fails for the same reasons. Because the record lacks evidence of any inaccuracies or confusion resulting from the failure to obtain the oath before the hearing rather than at the end of the hearing, counsel did not perform deficiently by failing to raise the objection, and Petitioner was not prejudiced by counsel's decision. *See Aguirre v. United States*, No. 412CR00295SDJKPJ10, 2021 WL 8441193, at *5 (E.D. Tex. Nov. 5, 2021) ("Counsel's performance was not deficient for failing to raise meritless issues related to the provision of an interpreter or translation of documents").

[9] Ordinarily, federal district courts cannot entertain "mixed petitions" containing one or more exhausted claims and one or more unexhausted claims. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). Federal district courts typically warn state petitioners that they must choose whether to (1) dismiss the unexhausted claims and proceed with the exhausted claims or (2) dismiss the whole petition and return to state court to exhaust all claims before refiling the federal petition. *See DeLong v. Dickhaut*, 715 F.3d 382, 387 (1st Cir. 2013). District courts also have discretion to use a "stay-and-abeyance" procedure to pause the federal proceedings while a petitioner pursues the available state remedies for a potentially meritorious unexhausted claim. *See Rhines v. Weber*, 544 U.S. 269, 278 (2005).

11

Petitioner has not alleged or established any circumstances that would constitute cause to excuse the procedural default.

Finally, even if Petitioner had not procedurally defaulted the other claims or if he could overcome the procedural default, the other claims lack merit. As discussed above, Petitioner has not established that he suffered any prejudice from any alleged difficulties regarding translations or interpreters because he does not provide any details or examples of inaccuracies, misleading statements, or misunderstandings. In addition, the bald allegation of pressure to plead guilty does not provide a basis to conclude that the state court made an unreasonable determination about his credibility given the evidence in the state court proceeding.[10] *See also, United States v. Marrero-Rivera*, 124 F.3d 342, 349 (1st Cir. 1997) (noting that strong urging that plea is in client's best interest is not coercion and requiring specific credible affirmative evidence to undermine presumption of validity of plea colloquy statements that there was no coercion).

---

When there is no longer a remedy available under state law, such as when the claim is precluded by a state procedural rule barring issues that could have been raised earlier, the claim is deemed exhausted but procedurally defaulted. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). Maine law contains such a rule. *See State v. Chesnel*, 2011 ME 84, ¶ 11, 25 A.3d 946, 949 ("A person seeking post-conviction review is required by statute to raise all possible grounds for relief in a single action. *See* 15 M.R.S. § 2128(3). Issues not raised in that single, properly filed petition are deemed waived unless to do so would be unconstitutional or the court determines that the ground could not reasonably have been raised in an earlier action") (footnote, quotation marks, and citations omitted).

[10] Petitioner originally argued that counsel had unreasonably underestimated the likely sentence by telling him it would be only four years when he had reason to believe it would be considerably longer; Petitioner later argued that counsel had pressured him to plead guilty by saying the likely sentence would be thirty years. Defense counsel denied making any such strong statements about the likely sentence in either direction. (Postconviction Hearing at 36.) The state court found counsel to be credible and Petitioner to be not credible. The record lacks any basis to question the state court's credibility determinations.

## CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2254 Cases. I recommend the Court dismiss Petitioner's petition for habeas relief under 28 U.S.C. § 2254, and that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2254 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 25th day of April, 2024.